*E-Filed: May 12, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC; et al.,<br><br>  Plaintiffs,<br>  v.<br><br>PINNACLE MONTEREY LLC; et al.,<br><br>  Defendants. | No. C15-80123 HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL**<br><br>**[Re: Docket No. 1]** |

Before the court in this miscellaneous action is a motion to compel by Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC d/b/a Pinnacle, and Stanley Harrelson (collectively, "Pinnacle"). Dkt. No. 1. This action was originally filed in the United States District Court for the Eastern District of Pennsylvania, and was later transferred to this District. *See* Dkt. No. 10.

This action relates to *Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC*, C14-03953 BLF (HRL) (N.D. Cal.). In that action, Monterey Bay Military Housing, LLC, Clark Pinnacle Monterey Bay LLC, Clark Monterey Presidio LLC, California Military Communities LLC, Clark Pinnacle California Military Communities LLC, and Clark Irwin, LLC sue Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC d/b/a Pinnacle, Goodman Real Estate, Inc., Goodman Financial Services, Inc., Stanley Harrelson, and John Goodman for "a series of systematic frauds" relating to the defendants'

1  management of military housing at the Presidio of Monterey and Fort Irwin.  Non-party Balfour
2  Beatty Communities, LLC ("BBC") is a real estate services company that delivers development,
3  design, financing, construction, renovation, property, and facilities management services to multi-
4  family, military, and student housing sectors.  BBC is responsible for over 44,000 military homes
5  and 150,000 residents on Army, Navy, and Air Force installations across the United States.

6  In November 2014, Pinnacle served a subpoena duces tecum on BBC.  BBC served
7  objections to the subpoena, arguing that the requested documents were not relevant to the
8  underlying action, Pinnacle had alternative means to obtain the information it sought without
9  burdening BBC, the subpoena was overbroad and burdensome, and the subpoena sought highly
10 confidential competitively sensitive information that would harm BBC if disclosed.  Pinnacle
11 subsequently narrowed the scope of the subpoena to request documents sufficient to show the cost
12 of property and general liability insurance on a per-unit or per $100 of total insured value basis
13 incurred for each of the projects defined by the subpoena.  Here, Pinnacle moves to compel BBC to
14 comply with the narrowed scope of the subpoena.  BBC argues that the subpoena seeks documents
15 that (1) are not relevant to the underlying litigation; (1) are unduly burdensome to BBC to locate,
16 review, and produce; and (3) contain BBC's confidential and proprietary information that would
17 competitively harm BBC if disclosed.

18 Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena
19 commanding a non-party to attend and testify; produce designated documents, electronically stored
20 information, or tangible things in that non-party's possession, custody or control; or permit the
21 inspection of premises.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery through a Fed. R.
22 Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery
23 rules.  Fed. R. Civ. P. 45 advisory committee's note (1970).

24 Parties may obtain discovery about any nonprivileged matter that is relevant to any party's
25 claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevance under Rule 26(b)(1) is construed more
26 broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207,
27 1211 (Fed. Cir. 1987).  "Relevant information need not be admissible at the trial if the discovery
28

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Fed. R. Civ. P. 45(d)(3)(B) provides that the court may quash or modify a subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Additionally, Fed. R. Civ. P. 45(c)(3) provides that the court must quash or modify a subpoena that imposes an undue burden.

First, the information sought by the subpoena is not relevant. BBC's insurance program is not similar to Pinnacle's. BBC's costs for insurance are not indicative of a common benchmark for Pinnacle's insurance costs. BBC's insurance premiums are determined through a negotiation process that is based on several factors unique to BBC, including: (1) loss history and claims made for all covered properties collectively; (2) location and type of all covered properties; (3) deductibles, aggregate claim limits, and other policy terms; and (4) number of units online. In addition, BBC's insurance program differs from Pinnacle's program in several significant ways, which would affect the insurance rates procured by both companies. For instance, BBC does not have any alternative risk financing arrangements to maintain a self-funded and/or prepaid aggregate deductible program; BBC does not charge back to its projects any of the expense, costs, and overhead for risk management services; and less than 1% of BBC's assets in its master insurance portfolio are non-military properties.

3

Second, the documents required to be searched, collected, and reviewed are unduly burdensome. Pinnacle seeks numerous documents for multiple projects, for each year, over a 13-year period. To produce documents sufficient to meet Pinnacle's request, BBC would need to locate and compile the following types of documents for each property, for each year: (1) documents reflecting what the premium allocation was; (2) documents reflecting the precise number of average units online for over the term of the policy; (3) documents reflecting the number of online changes in units throughout a policy term due to ongoing construction, renovation and demolition; (4) documents reflecting any reimbursement or charge based on the changes in units insured during the term; and (5) documents reflecting the value of each property. It would take significant time and resources to locate and compile these supporting documents.

BBC has managed three California properties. To determine the allocation charged, however, it would be necessary for BBC to review all documents exchanged with its insurance carriers for all properties in its master portfolio. These documents are maintained partly in off-side storage, and Pinnacle anticipates that it could take a significant amount of time to identify and locate these records.

In addition, BBC does not have relevant records from January 2002 to about April 2008. Pinnacle seeks BBC's documents from January 1, 2002 to the present. During much of this time period, the military housing portfolio that is now owned by BBC was owned and operated by GMH Communities Trust ("GMH"), which later merged into American Campus Communities ("ACC"). GMH sold the military housing portion of its business to BBC around April 2008. Any records relating to the master insurance procurement for GMH—including those pertaining to the military housing properties now owned and operated by BBC—may not be in the possession of ACC. Thus, BBC will likely not have possession, custody, or control of all responsive documents for the time period of January 1, 2002 to approximately April 2008.

Third, the subpoena seeks BBC's confidential commercial information. The terms and pricing of BBC's insurance program are based on numerous factors and extensive negotiations. BBC's ability to negotiate the terms of its insurance portfolio makes its rates proprietary and also allows BBC to offer more competitive pricing. Further, BBC protects the documents and

information relating to its insurance program as confidential and proprietary. Pinnacle does not dispute this. Accordingly, Pinnacle must demonstrate a substantial need for the documents that cannot otherwise be met without undue hardship. Pinnacle has not done so here. Pinnacle asserts that its expert requires the information sought by the subpoena in order to respond to the underlying expert's report in the related action. Pinnacle does not explain, however, why its expert requires another developer's insurance information, which is not comparable to the insurance program obtained by Pinnacle.

Accordingly, Pinnacle's request for an order compelling BBC to comply with the narrowed scope of the subpoena is denied.

**IT IS SO ORDERED.**

Dated: May 12, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C15-80123 HRL Notice will be electronically mailed to:**

CHRISTIANA L. SIGNS     signsc@gtlaw.com

GREGORY T. STURGES     sturgesg@gtlaw.com

JOHN P. MCSHEA     jmcshea@mcshealawfirm.com

Lora A. Brzezynski     lbrzezynski@mckennalong.com, mantoline@mckennalong.com

Thomas E. Dutton     phdkh-efiling@pittmanhooks.com, donnag@pittmanhooks.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**